IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT W. SIMMONS,<br><br>Plaintiff,<br><br>v.<br><br>CO ERJAVIC;<br>*ET AL.*,<br>Defendants. | Civil Action No. 12-979<br>Magistrate Judge Cynthia Reed Eddy |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the screening provisions promulgated in the Prison Litigation Reform Act for failure to state a claim upon which relief can be granted.

**II.   REPORT**

Plaintiff, Robert Simmons, a prisoner presently incarcerated at the State Correctional Institution at Somerset, filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 wherein he asserts a claim concerning his confinement in the Restricted Housing Unit at the State Correctional Institution at Fayette. For the reasons set forth below, the Complaint should be dismissed because Plaintiff failed to exhaust his available administrative remedies.

A. Standard of Review

In the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting federal actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody.

1

Pertinent to the case at bar is the new authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims.

Specifically, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis* (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In addition, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

Further, the PLRA substantially amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e. In this regard, the PLRA amended section 1997e(c) to require the court "on its own motion or on the motion of a party" to dismiss any action brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 if the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." See 42 U.S.C. § 1997e(c)(1).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and he has been granted leave to proceed IFP in this action (ECF No. 5). Thus his allegations must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B). Moreover,

his Complaint concerns prison conditions and the Defendants are employees of a governmental entity. Thus, his Complaint must be reviewed under the authority set forth above.

In reviewing complaints under these statutory provisions, a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). To withstand a motion to dismiss, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In addition, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name. Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quotation omitted).

## B. Failure to Exhaust Administrative Remedies

A review of the Complaint reveals that it should be dismissed for Plaintiff's failure to exhaust his available administrative remedies as required by the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). In this regard, in the PLRA, Congress amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e, concerning suits by prisoners. Before the amendments, prisoners challenging the conditions of their confinement under 42 U.S.C. § 1983 were not required to exhaust administrative remedies before filing suit. The PLRA amended section 1997e(a), as follows, making exhaustion a mandatory requirement.

    (a)    Applicability of administrative remedies

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

>jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), as amended.

The United States Court of Appeals for the Third Circuit analyzed the applicability of the exhaustion requirement in 42 U.S.C. § 1997e in Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000) (Bivens action brought by a federal inmate) and Booth v. Churner, 206 F.3d 289 (3d Cir. 2000) (civil rights action brought by a state prisoner). In each of these cases, the Court of Appeals announced a bright line rule that inmate-plaintiffs must exhaust all available administrative remedies before they can file an action in federal court concerning prison conditions. In so holding, the court specifically rejected the notion that there is ever a futility exception to section 1997e(a)'s mandatory exhaustion requirement. Booth, 206 F.3d at 300; Nyhuis, 204 F.3d at 66. A unanimous Supreme Court affirmed the Court of Appeals' holding in Booth where the Court confirmed that in the PLRA Congress mandated complete exhaustion of administrative remedies, regardless of the relief offered through those administrative procedures. *See* Booth v. Churner, 532 U.S. 731 (2001) (holding that the PLRA requires administrative exhaustion even where the grievance process does not permit award of money damages and prisoner seeks only money damages, as long as grievance tribunal has authority to take some responsive action). In addition, in Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court clarified that the PLRA's exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or specific episodes and whether they allege excessive force or other conduct.

The Pennsylvania Department of Corrections (DOC) has three different administrative remedy processes for inmates to challenge every aspect of confinement. These policies include: 1) the Inmate Discipline Policy, DC-ADM 801; 2) the Inmate Grievance Policy, DC-ADM 804;

4

and 3) the Administrative Custody Policy, DC–ADM 802. Pertinent to this case is DC–ADM 804 and DC–ADM 801. Pursuant to DC–ADM 804, all inmates under the jurisdiction of the DOC shall have access to a formal procedure for the resolution of problems or other issues of concern arising during the course of confinement. An inmate may file a grievance within fifteen (15) working days after the events upon which the claims are based. RHU inmates are not precluded from filing grievances under DC–ADM 804 related to issues impacting their quality of life, other than the reasons for the RHU confinement. After the receipt of the initial review decision, an inmate may file an appeal to the Facility Manager (Superintendent) within ten (10) working days. Once an inmate receives the Facility Manager's decision, he may file a final appeal to the Secretary's Office of Inmate Grievances and Appeals within fifteen (15) working days. If a grievance is determined to be improperly submitted, it is assigned a grievance number and returned to the inmate unprocessed. An improperly submitted grievance, if resubmitted, must be resubmitted under the same grievance number within five (5) working days. An appeal to final review cannot be completed unless an inmate complies with all established procedures.

DC–ADM 801, the Inmate Discipline Policy, 801 provides a process for resolution of alleged inmate violations. Specifically, the initial misconduct is heard by a Hearing Examiner. Upon a finding of guilt, a prisoner may appeal that determination to the Program Review Committee (PRC) within fifteen days of the hearing. The PRC's written decision must be provided to the inmate within seven (7) working days of receipt. An inmate may appeal the decision of the PRC to the Facility Manager/designee within seven (7) calendar days of receipt of the written PRC decision. The written decision of the Facility Manager/designee must be forwarded to the inmate within seven (7) working days of receipt of the appeal. An inmate may

5

appeal the decision of the Facility Manager/designee within seven (7) calendar days of the receipt of the Facility Manager's/designee's decision to the Office of Chief Hearing Examiner (OCHE).

As is the case with respect to conditions of confinement claims, the Federal Courts in Pennsylvania have determined that Pennsylvania prisoners raising claims arising from their disciplinary actions must fully exhaust those claims in accordance with applicable procedures, *i.e.*, those set forth in DC-ADM 801. *See, e.g.*, Hamm v. Rendell, 246 F. App'x 150, 153 (3d Cir. 2007); Torres v. Clark, Civil No. 1:10-1323, 2012 WL 4484915, 12 (M.D. Pa. Sept. 27, 2012); Hagan v. Chambers, Civil No. 1:08-1766, 2010 WL 4812973, 6-7 (M.D. Pa. Nov. 19, 2010).

In the instant action, Plaintiff admits on the face of his Complaint that he filed his Civil Rights Complaint while his grievance was pending. The federal courts agree that compliance with all three levels of the mandatory exhaustion requirement is a precondition to filing a civil action in federal court. *See, e.g.*, Banks v. Roberts, 251 F. App'x 774 (3d Cir. 2007) (holding that federal prisoner who did not wait to file his Bivens complaint in federal court until after he had received final determinations from his administrative filings and completed the appeal process as to those determinations failed to comply with PLRA mandatory exhaustion requirement); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002) ("[E]xhaustion prior to the commencement of the action" is "an indispensable requirement" under § 1997e and "[e]xhaustion subsequent to the filing of suit will not suffice."); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (holding that an inmate who starts but fails to complete the grievance process is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies); Neal v. Goord, 267 F.3d 116, 123 (2d Cir. 2001) ("[A]llowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court."); Jackson v. Dist. of

Columbia, 254 F.3d 262, 268-69 (D.C. Cir. 2001) (rejecting the argument that § 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) ("The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit."); Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) ("An inmate incarcerated in a state prison, thus, must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983."); Perez v. Wis. Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment.").[1]

Section 1997e was enacted to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case which provides the prison a full opportunity to resolve the issue and potentially eliminates the need for litigation. Porter v. Nussle, 534 U.S. 516, 524–25 (2002). Dismissal for failing to exhaust prior to filing suit furthers this objective. Allowing exhaustion while the case is pending undermines this objective and violates § 1997e because a plaintiff could initiate litigation without exhausting, *i.e.*, bring the action before exhausting, and file an amended complaint after exhausting.

In the case at bar, Plaintiff's Complaint clearly shows that he initiated this action before he fully exhausted his administrative remedies. Consequently, this action must be dismissed.

---

[1] Moreover, the case law makes clear that an inmate who is transferred to a new facility is required to exhaust the administrative remedies of the first facility before filing suit against it or against any of its employees. *See, e.g.*, Berry v. Kerik, 366 F.3d 85, 87 (2d Cir. 2003) (holding that a plaintiff who was incarcerated at one facility when actionable mistreatment occurred and brought suit while in custody at another facility after being released and arrested was subject to PLRA's exhaustion requirement); Medina-

## III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Complaint be dismissed under the screening provisions in the PLRA.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and the Local Rules, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have 14 days from the date of service of the objections to respond thereto. Failure to timely file objections will constitute a waiver of any appellate rights.

                                                              Cynthia Reed Eddy
                                                              U.S. Magistrate Judge

Robert Simmons
EP-6151
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510-0001

---

Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002); George v. Hogan, Civil No. 1:06-cv-1554, 2008 WL 906523 (M.D. Pa. March 31, 2008).